## UNITED STATES DISTRICT COURT     EASTERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| THE ESTATE OF I.C.D., *deceased*, and NATHAN and TRACY DELAMETER, *individually and on behalf of the heirs of I.C.D.*, | § § § § § | |
| Plaintiffs, | § § | |
| *versus* | § § | CIVIL ACTION NO. 1:18-CV-137 |
| BEAUMONT INDEPENDENT SCHOOL DISTRICT, | § § § | |
| Defendant; and | § § | |
| THE ESTATE OF M.L., *deceased*, and SHAKENDRA COOK, *individually and on behalf of the heirs of M.L.*, | § § § § | |
| Plaintiffs, | § § | |
| *versus* | § § | |
| SPRING INDEPENDENT SCHOOL DISTRICT, | § § § | |
| Defendant; and | § § | |
| THE ESTATE OF T.J., *deceased*, and SHEVONNE KENNEDY, *individually and on behalf of the heirs of T.J.*, | § § § § | |
| Plaintiffs, | § § | |
| *versus* | § § | |
| ALDINE INDEPENDENT SCHOOL DISTRICT, | § § § | |
| Defendant; and | § § | |

C.C. *b/n/f* ART and PATRICIA CHUPK,    §
                                        §
                Plaintiffs,             §
                                        §
*versus*                                §
                                        §
PFLUGERVILLE INDEPENDENT                §
SCHOOL DISTRICT,                        §
                                        §
                Defendant.              §

## MEMORANDUM AND ORDER

Pending before the court is Defendant Beaumont Independent School District's ("BISD") Motion to Dismiss Plaintiffs the Estate of I.C.D., deceased, and Nathan and Tracy Delameter, individually and on behalf of the heirs of I.C.D.'s (collectively, "the Delameters") Second Amended Complaint (#26). Before the court issued its ruling on the instant motion, the Delameters amended their complaint to add three new sets of claims and parties.[1] Because the Delameters' claims remain substantially the same, the court will construe the instant motion as a partial motion to dismiss claims—as stated in the Third Amended Complaint—asserted by the Delameters against BISD only. Having considered the motion, the submissions of the parties, and the applicable law, the court is of the opinion that the motion should be GRANTED.

I.      Background

I.C.D. was born with cranial stenosis and had severe cognitive impairments. I.C.D. was eligible to receive Special Education services, including transportation by a school bus that could

---

[1] The Third Amended Complaint (#36) asserts additional claims brought by: (1) Plaintiffs the Estate of M.L., deceased, and Shakendra Cook, individually and on behalf of the heirs of M.L. (collectively, "the Estate of M.L."), against Defendant Spring Independent School District ("Spring ISD"); (2) Plaintiffs the Estate of T.J., deceased, and Shevonne Kennedy, individually and on behalf of the heirs of T.J. (collectively, "the Estate of T.J.") against Defendant Aldine Independent School District ("Aldine ISD"); and (3) Plaintiffs C.C. b/n/f Art and Patricia Chupk (collectively, "C.C.") against Defendant Pflugerville Independent School District ("Pflugerville ISD").

hold a wheelchair in place and staffed by a person with specialized training to serve the students-passengers' needs. On the morning of December 8, 2014, I.C.D., strapped into his wheelchair, traveled on a school bus operated by Clint Finnell ("Finnell"), a bus driver with BISD, and staffed by Tisha Washington ("Washington"). According to the Delameters, the regular aide on the bus was not available that day and Washington was the substitute aide. They allege that it was Washington's first day on the job and that she was not trained to care for a child with I.C.D.'s needs. The Delameters contend that Washington should have noticed that I.C.D.'s wheelchair restraints needed adjustment. When she checked on I.C.D. about twenty minutes after he was placed on the bus, she discovered that he was non-responsive. Washington informed Finnell, who stopped the bus and contacted the transportation base after he was unable to feel a pulse on I.C.D. Pursuant to BISD policy, the transportation base contacted Emergency Medical Services ("EMS") and instructed Finnell to wait for EMS to arrive even though the school bus was only 0.7 miles from a local hospital. The Delameters allege that neither Finnell nor Washington performed CPR on I.C.D. while they waited for EMS. When EMS arrived, they determined that I.C.D. did not have a pulse and transported him to the hospital where he was pronounced dead.

On September 23, 2015, the Delameters filed wrongful death and survival claims based on various theories of negligence under state law against BISD in the 172nd Judicial District Court of Jefferson County, Texas. BISD filed a plea to the jurisdiction, arguing that it was immune from the Delameters' suit and, therefore, the court lacked jurisdiction to hear the case. The state district court granted BISD's plea to the jurisdiction and dismissed the Delameters' state court action on January 19, 2017.

The Delameters appealed the state district court's ruling, which the Texas Ninth Court of Appeals in Beaumont, Texas, affirmed on February 1, 2018. *See Delameter v. Beaumont Indep. Sch. Dist.*, No. 09-17-00045-CV, 2018 WL 651268 (Tex. App.—Beaumont, Feb. 1, 2018, pet. denied).[2] In their state court lawsuit, the Delameters asserted that BISD's negligence caused I.C.D.'s death. *Id.* at *1. Texas law waives school districts' governmental immunity from tort liability only as to injuries arising from the operation or use of a motor vehicle. TEX. CIV. PRAC. & REM. CODE §§ 101.021, 101.051; *Delameter*, 2018 WL 651268, at *3. Thus, in order to survive BISD's plea to the jurisdiction, the Delameters were required to show that BISD operated the bus negligently and that such negligence proximately caused I.C.D.'s injury or death. *Delameter*, 2018 WL 651268, at *4. The state court reviewed the evidence submitted by the Delameters and found no evidence to support the assertion that Finnell operated the bus negligently or that the bumpiness of the bus ride caused I.C.D. to be injured or his death. *Id.* The state court rejected the Delameters' other theories of liability that were not based on operation of the bus and held that the Delameters failed to establish a valid waiver of BISD's immunity from suit. *Id.* at *5. The Delameters filed a petition for review with the Supreme Court of Texas on March 16, 2018.

On April 2, 2018, the Delameters filed the instant lawsuit in federal court. The Delameters' Original Complaint (#1) and First Amended Complaint (#3)[3] asserted: (1) a Fourteenth Amendment claim under 42 U.S.C. § 1983; (2) a claim under § 504 of the

---

[2] The court takes judicial notice of the Ninth Court of Appeals' opinion. *See* FED. R. EVID. 201.

[3] The pleadings are substantively identical. The First Amended Complaint is redacted pursuant to Local Civil Rule CV-5.2.

Rehabilitation Act, 29 U.S.C. § 794; (3) a claim under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12131; (4) a discrimination claim under § 121.003 of the Texas Human Resources Code; (5) a wrongful death claim under §§ 71.001-71.012 of the Texas Civil Practice and Remedies Code; and (6) a survival claim under § 71.021 of the Texas Civil Practice and Remedies Code. This court stayed the federal lawsuit pending disposition of the Delameters' petition for review, which the Supreme Court of Texas ultimately denied on June 21, 2019.

After the stay was lifted in this action, the Delameters filed their Second Amended Complaint (#24) on August 16, 2019, reasserting: (1) a § 1983 claim for violation of the Fourteenth Amendment; (2) a Rehabilitation Act claim; (3) an ADA claim; and (4) a claim for damages for wrongful death.[4] BISD filed the pending Motion to Dismiss the Delameters' Second Amended Complaint (#26) on August 20, 2019. BISD argues that the statutes of limitations expired before the Delameters filed the instant lawsuit and that the Delameters plead insufficient facts to establish a school district's liability under § 1983 for violation of a Fourteenth Amendment right. On September 17, 2019, the Delameters filed their Response (#30), maintaining that their claims were tolled by § 16.064 of the Texas Civil Practice and Remedies Code and that their various theories of § 1983 liability are adequate, and, on September 24, 2019, BISD filed its Reply (#33).

On January 24, 2020, the Delameters and the newly joined plaintiffs filed their Third Amended Complaint (#36). With respect to the Delameters, the new complaint repeats allegations

---

[4] The Delameters omitted their state law claims for discrimination under Texas Human Resources Code § 121.003 and survivorship under Texas Civil Practice and Remedies Code § 71.021 from the Second Amended Complaint. The Second Amended Complaint continued to seek damages for wrongful death but omitted any statutory authority.

from the Second Amended Complaint, includes a survivorship claim that was omitted from the Second Amended Complaint, and asserts for the first time a civil conspiracy claim against BISD and the newly added defendants. In response, BISD filed a Motion to Sever or Dismiss New Plaintiffs and Defendants (#37) and its First Supplemental Reply to the Delameters' Response to its Motion to Dismiss the Delameters' Second Amended Complaint (#38).[5] Plaintiffs did not file a timely response or seek an extension to file a response to either filing. The newly added defendants have not appeared, and the record does not indicate whether they have been served.

II.    Analysis

    A.    Dismissal for Failure to State a Claim

    A motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure tests only the formal sufficiency of the statement of a claim for relief and is "appropriate when a defendant attacks the complaint because it fails to state a legally cognizable claim." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001), *cert. denied*, 536 U.S. 960 (2002); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (holding that in order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face"); *Humana, Inc. v. Shrader & Assocs.*, 584 B.R. 658, 670 (S.D. Tex. 2018); *Faas v. Cascos*, 225 F. Supp. 3d 604, 609 (S.D. Tex. 2016). It is not a procedure for resolving contests about the facts or the merits of a case. *See Stanfield v. Boston Sci. Corp.*, 166 F. Supp. 3d 873, 877 (S.D. Tex. 2015); 5B CHARLES A.

---

[5] In substance, BISD's First Supplemental Reply (#38) is a motion to dismiss the Third Amended Complaint that incorporates previous briefing by reference. As a reply, the filing is untimely; as a motion, it fails to comply with the Local Rules, which require "[a] motion and any briefing shall be contained in one document." *See* Local Civil Rule CV-7(c), (e). Regardless, the court's ruling is based on issues that have been fully briefed and the justiciability of the newly added claims.

WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 1356 (3d ed. 2019). In ruling on such a motion, the court must accept the factual allegations of the complaint as true, view them in a light most favorable to the plaintiff, and draw all reasonable inferences in favor of the plaintiff. *Hernandez v. Mesa*, ___ U.S. ___, 137 S. Ct. 2003, 2005 (2017); *Warren v. Chesapeake Expl., L.L.C.*, 759 F.3d 413, 415 (5th Cir. 2014); *Leal v. McHugh*, 731 F.3d 405, 410 (5th Cir. 2013) (noting that at the 12(b)(6) stage, the court must construe all facts in favor of the non-moving party); *Wilson v. Birnberg*, 667 F.3d 591, 595 (5th Cir.), *cert. denied*, 567 U.S. 936 (2012).

Nevertheless, "the plaintiff's complaint [must] be stated with enough clarity to enable a court or an opposing party to determine whether a claim is sufficiently alleged." *Ramming*, 281 F.3d at 161 (citing *Elliott v. Foufas*, 867 F.2d 877, 880 (5th Cir. 1989)). The "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *accord Davis v. Tex. Health & Human Servs. Comm'n*, 761 F. App'x 451, 454 (5th Cir. 2019); *Lee v. Verizon Commc'ns, Inc.*, 837 F.3d 523, 533 (5th Cir. 2016), *cert. denied*, 137 S. Ct. 1374 (2017). "Where the well-pleaded facts of a complaint do not permit a court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "show[n]"—'that the pleader is entitled to relief.'" *Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 734 (5th Cir. 2019) (quoting *Iqbal*, 556 U.S. at 678). Hence, "a complaint's allegations 'must make relief plausible, not merely conceivable, when taken as true.'" *Id.* (quoting *United States ex rel. Grubbs v. Kanneganti*, 565 F.3d 180, 186 (5th Cir. 2009)).

Generally, the court may not look beyond the four corners of the plaintiff's pleadings. *Indest v. Freeman Decorating, Inc.*, 164 F.3d 258, 261 (5th Cir. 1999); *see Hicks v. Lingle*, 370

F. App'x 497, 497 (5th Cir.), *cert. denied*, 562 U.S. 1111 (2010); *Wilson*, 667 F.3d at 595. The court may, however, consider matters that are outside the pleadings if those materials are matters of public record. *Cox v. Richards*, 761 F. App'x 244, 248 (5th Cir. 2019) (holding the district court's consideration of publicly available records in plaintiff's prior court proceedings on a 12(b)(6) motion to dismiss was proper); *Ruiz v. Brennan*, 851 F.3d 464, 468 (5th Cir. 2017) (citing *Norris v. Hearst Tr.*, 500 F.3d 454, 461 n.9 (5th Cir. 2007)); *Fin. Acquisition Partners LP v. Blackwell*, 440 F.3d 278, 286 (5th Cir. 2006) (citing *Davis v. Bayless*, 70 F.3d 367, 372 n.3 (5th Cir. 1995)).

"Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989) (citing *Hishon v. King & Spalding*, 467 U.S. 69 (1984); *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), *abrogated on other grounds by Twombly*, 550 U.S. at 563)); *Bd. of Comm'rs of Se. La. Flood Prot. Auth.-E. v. Tenn. Gas Pipeline Co., LLC*, 88 F. Supp. 3d 615, 629 (E.D. La. 2015), *aff'd*, 850 F.3d 714 (5th Cir.), *cert. denied*, 138 S. Ct. 420 (2017). Furthermore, "a complaint that shows relief to be barred by an affirmative defense, such as the statute of limitations, may be dismissed for failure to state a cause of action." *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982), *cert. denied*, 459 U.S. 1105 (1983); *accord Jones v. Bock*, 549 U.S. 199, 215 (2007); *La Porte Constr. Co. v. Bayshore Nat'l Bank of La Porte*, 805 F.2d 1254, 1255 (5th Cir. 1986). Thus, "a complaint may be subject to dismissal if its allegations affirmatively demonstrate that the plaintiff's claims are barred by the statute of limitations and fail to raise some basis for tolling." *Frame v. City of Arlington*, 657 F.3d 215, 241 (5th Cir. 2011), *cert. denied*, 565 U.S. 1200 (2012); *see Nationwide Bi-Weekly Admin., Inc. v. Belo Corp.*, 512 F.3d 137, 141

(5th Cir. 2007); *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378-79 (5th Cir. 2002), *cert. denied*, 537 U.S. 1200 (2003); *Davis v. Dallas Cty.*, 541 F. Supp. 2d 844, 856 (N.D. Tex. 2008) (plaintiff's noncompliance with the applicable statute of limitations "may support dismissal under Rule 12(b)(6) where it is evident from the plaintiff's pleadings that the action is barred and the pleadings fail to raise some basis for tolling or the like."). The limitations defense, however, must be clear on the face of the complaint. *Carbe v. Lappin*, 492 F.3d 325, 328 n.9 (5th Cir. 2007); *China Nat'l Bldg. Material Inv. Co., Ltd. v. BNK Int'l, LLC*, No. A-14-CA-701-SS, 2015 WL 363275, at *4 (W.D. Tex. Jan. 27, 2015) ("While the court can consider a statute of limitations argument on a Rule 12(b)(6) motion to dismiss, such a motion cannot be granted unless the limitations defense is clear on the face of the complaint.") (quoting *Seghers v. El Bizri*, 513 F. Supp. 2d 694, 707 (N.D. Tex. 2007))). "Where the issue of limitations requires a determination of when a claim begins to accrue, the complaint should be dismissed only if the evidence is so clear that there is no genuine factual issue and the determination can be made as a matter of law." *Askanase v. Fatjo*, 828 F. Supp. 465, 469 (S.D. Tex. 1993) (citing *Sisselton-Wahpeton Sioux Tribe v. United States*, 895 F.2d 588, 591 (9th Cir.), *cert. denied*, 498 U.S. 824 (1990)). "Although defendants bear the burden of pleading and proving affirmative defenses, where facts alleged in plaintiff's pleadings make clear that a claim is barred, dismissal under Rule 12(b)(6) may be granted." *Williams v. De-Valdenbro*, No. 4:13-CV-960, 2014 WL 4640745, at *2 (S.D. Tex. Sept. 10, 2014) (quoting *In re Dynegy, Inc. Sec. Litig.*, 339 F. Supp. 2d 804, 819 (S.D. Tex. 2004)); *see Jones*, 549 U.S. at 215; *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003), *cert. denied*, 540 U.S. 1161 (2004).

"[A] motion to dismiss under rule 12(b)(6) 'is viewed with disfavor and is rarely granted.'" *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (quoting *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009)); *accord Leal*, 731 F.3d at 410. "The question therefore is whether in the light most favorable to the plaintiff and with every doubt resolved in his behalf, the complaint states any valid claim for relief." *Collins*, 224 F.3d at 498; *accord Thompson v. City of Waco*, 764 F.3d 500, 503 (5th Cir. 2014) (noting that at the 12(b)(6) stage the court's task "is to determine whether the plaintiff [has] stated a legally cognizable claim that is plausible, not evaluate the plaintiff's likelihood of success"); *Leal*, 731 F.3d at 410. "In other words, a motion to dismiss an action for failure to state a claim 'admits the facts alleged in the complaint, but challenges plaintiff's rights to relief based upon those facts.'" *Ramming*, 281 F.3d at 161-62 (quoting *Tel-Phonic Servs., Inc. v. TBS Int'l, Inc.*, 975 F.2d 1134, 1137 (5th Cir. 1992)); *Perry v. Nat'l Mortg. Ass'n*, No. 3:14-CV-0077-B, 2014 WL 3972295, at *1 (N.D. Tex. Aug. 13, 2014).

B.      Effect of Amended Complaint

"[D]efendants should not be required to file a new motion to dismiss simply because an amended pleading was introduced while their motion was pending. If some of the defects raised in the original motion remain in the new pleading, the court may simply consider the motion as being addressed to the amended pleading. To hold otherwise would be to exalt form over substance." 6 CHARLES A. WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 1476 (3d ed. 2019); *accord Ready Aim Flyer, LLC v. Aviat Aircraft, Inc.*, No. 4:15-CV-2731, 2016 WL 4376612, at *2 (S.D. Tex. Aug. 16, 2016) (deeming it appropriate to consider the defendant's prior motion to dismiss as though it were in response to the plaintiff's amended complaint); *Arisma*

*Grp., LLC v. Trout & Zimmer, Inc.*, No. 3:08-CV-1268-L, 2009 WL 3075203, at \*2-3 (N.D. Tex. Sept. 25, 2009).

Although the Third Amended Complaint includes new parties and claims, most of the Delameters' claims against BISD are the same. Thus, the parties' arguments (#s 26, 30, 33) in connection with the Second Amended Complaint remain relevant. The court finds it appropriate to construe BISD's Motion to Dismiss the Delameters' Second Amended Complaint (#26) as a partial motion to dismiss the claims—as stated in the Third Amended Complaint—against BISD only.

      C.      <u>Statute of Limitations</u>

Because there is no specific federal statute of limitations governing claims brought under § 1983, federal courts look to the law of the state in which the action arose to determine the appropriate limitations period, usually borrowing the state's general personal injury statute of limitations. *Wallace v. Kato*, 549 U.S. 384, 387 (2007); *Owens v. Okure*, 488 U.S. 235, 236 (1989); *K.M.C. ex rel. Nobre v. La. Dep't of Pub. Safety*, 935 F.3d 437, 440 (5th Cir. 2019); *Bargher v. White*, 928 F.3d 439, 444 (5th Cir. 2019); *Winzer v. Kaufman Cty.*, 916 F.3d 464, 470 (5th Cir. 2019); *Price v. City of San Antonio*, 431 F.3d 890, 892 (5th Cir. 2005); *Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir.), *cert. denied*, 534 U.S. 820 (2001); *see also* 42 U.S.C. § 1988. Because § 1983 claims are most analogous to Texas personal injury claims, the applicable statute of limitations is two years, as set forth in § 16.003 of the Texas Civil Practice and Remedies Code. *Winzer*, 916 F.3d at 470; *Redburn v. City of Victoria*, 898 F.3d 486, 496 (5th Cir. 2018); *Jones v. Tex. Juvenile Justice Dep't*, 698 F. App'x 215, 216 (5th Cir. 2017), *cert. denied*, 138 S. Ct. 1566 (2018); *King-White v. Humble Indep. Sch. Dist.*, 803 F.3d 754, 758 (5th

Cir. 2015). The United States Court of Appeals for the Fifth Circuit, noting that discrimination claims are analogous to personal injury claims, has also applied Texas's two-year statute of limitations for personal injuries to claims brought pursuant to the Rehabilitation Act and the ADA. *See Frame*, 657 F.3d at 237 (citing *Hickey v. Irving Indep. Sch. Dist.*, 976 F.2d 980, 983 (5th Cir. 1992)), *cert. denied*, 565 U.S. 1200 (2012). Thus, the Delameters were required to bring their claims "no later than the same calendar day two years following the accrual of the cause of action." *Price*, 431 F.3d at 893; *see Winzer*, 916 F.3d at 470; *Piotrowski*, 237 F.3d at 576.

A federal court applying a state statute of limitations must give effect to the state's tolling provisions, as well. *See Hardin v. Straub*, 490 U.S. 536, 542-44 (1989); *Bd. of Regents of the Univ. of the State of N.Y. v. Tomanio*, 446 U.S. 478, 483-86 (1980); *Bargher*, 928 F.3d at 444 (citing *Smith v. Reg'l Transit Auth.*, 827 F.3d 412, 421 (5th Cir. 2016)); *King-White*, 803 F.3d at 764. On the other hand, federal law determines when a cause of action accrues. *McDonough v. Smith*, ___ U.S. ___, 139 S. Ct. 2149, 2155 (2019); *Frame*, 657 F.3d at 238.

Here, it is undisputed that the two-year statute of limitations applies and that the Delameters' claims accrued on December 8, 2014, the day I.C.D. passed away. Therefore, absent tolling, the statute of limitations expired on December 8, 2016. The Delameters timely filed their initial lawsuit in state court on September 23, 2015; however, they did not file their federal lawsuit until April 2, 2018. Delameters maintain that the statute of limitations was tolled by § 16.064 of the Texas Civil Practice and Remedies Code and that their claims relate back under Federal Rule of Civil Procedure 15(c)(1)(A) and (B).

1.     Texas Civil Practice and Remedies Code § 16.064

Section 16.064, which provides relief under certain circumstances to plaintiffs who mistakenly file suit in a court that lacks jurisdiction, states:

> (a) The period between the date of filing an action in a trial court and the date of a second filing of the same action in a different court suspends the running of the applicable statute of limitations for the period if:
>
>> (1) because of lack of jurisdiction in the trial court where the action was first filed, the action is dismissed or the judgment is set aside or annulled in a direct proceeding; and
>>
>> (2) not later than the 60th day after the date the dismissal or other disposition becomes final, the action is commenced in a court of proper jurisdiction.
>
> (b) This section does not apply if the adverse party has shown in abatement that the first filing was made with intentional disregard of proper jurisdiction.

TEX. CIV. PRAC. & REM. CODE § 16.064. Section 16.064 is remedial in nature and should be liberally construed to effect its statutory purpose. *See Tech. Consultant Servs., Inc. v. Lakewood Pipe of Tex., Inc.*, 861 F.2d 1357, 1360 (5th Cir. 1988) (citing *Griffen v. Big Spring Indep. Sch. Dist.*, 706 F.2d 645, 651 (5th Cir.), *cert. denied*, 464 U.S. 1008 (1983)); *Winston v. Am. Med. Int'l, Inc.*, 930 S.W.2d 945, 955 (Tex. App.—Houston [1st Dist.] 1996, writ denied). Thus, courts have not required literal adherence to § 16.064's requirements. *See Griffen*, 706 F.2d at 651-52; *Turner v. Tex. Dep't of Mental Health & Mental Retardation*, 920 S.W.2d 415, 419 (Tex. App.—Austin 1996, writ denied) (looking beyond a literal reading of "the same action"); *Vale v. Ryan*, 809 S.W.2d 324, 327 (Tex. App.—Austin 1991, no writ) ("[F]or purposes of the applicability of section 16.064, a federal court's refusal to exercise jurisdiction over a pendent state claim is tantamount to a dismissal for lack of jurisdiction."). Indeed, courts have liberally construed § 16.064 together with § 16.068, Texas's relation-back statute, to allow plaintiffs to

raise new claims in amended or supplemental pleadings based on the same underlying conduct.

*See Griffen*, 706 F.2d at 653; *Garrett Operators, Inc. v. City of Houston*, 461 S.W.3d 585, 592

(Tex. App.—Houston [1st Dist.] 2015, no pet.); *Winston*, 930 S.W.2d at 955.  Under the Texas

relation-back statute:

> If a filed pleading relates to a cause of action, cross action, counterclaim, or
> defense that is not subject to a plea of limitation when the pleading is filed, a
> subsequent amendment or supplement to the pleading that changes the facts or
> grounds of liability or defense is not subject to a plea of limitation unless the
> amendment or supplement is wholly based on a new, distinct, or different
> transaction or occurrence.

TEX. CIV. PRAC. & REM. CODE § 16.068.

Nevertheless, courts have emphasized that the statute was intended to provide relief when

an action was mistakenly, in good faith, filed in the wrong court.  *See Agenbroad v. McEntire*,

595 F. App'x 383, 389 (5th Cir. 2014); *In re United Servs. Auto. Ass'n*, 307 S.W. 3d 299, 313

(Tex. 2010).  Section 16.064 does not apply when an action was filed with intentional disregard

of proper jurisdiction.  TEX. CIV. PRAC. & REM. CODE § 16.064(b); *see Chacon v. Andrews

Distrib. Co. Ltd.*, 295 S.W.3d 715, 722 (Tex. App.—Corpus Christi 2009, no pet.) (defining

intentional disregard to mean "acting with design, resolve, or determination, treated as unworthy

of regard or notice" of the court's jurisdictional limits); *French v. Gill*, 252 S.W.3d 748, 755-56

(Tex. App.—Texarkana 2008, pet. denied) (determining that lawsuit was filed with intentional

disregard for proper jurisdiction based on allegations in the petition).  When considering whether

to apply § 16.064, courts have focused on whether the prior action was dismissed due to a

limitation of the court's jurisdictional authority.  *See Agenbroad*, 595 F. App'x at 387-88; *In re

United Servs. Auto. Ass'n*, 307 S.W.3d at 313.  Courts have declined to toll limitations under

§ 16.064 where plaintiffs filed an action in a particular forum pursuant to a strategic decision.

*Agenbroad*, 595 F. App'x at 389 (citing *Hotvedt v. Schlumberger Ltd. (N.V.)*, 942 F.2d 294, 297 (5th Cir. 1991)); *In re United Servs. Auto. Ass'n*, 307 S.W. 3d at 313.

Here, the Delameters aver that § 16.064 applies because the state trial court granted BISD's plea to the jurisdiction—dismissing their claims for lack of jurisdiction—and the dismissal became final when the Ninth Court of Appeals affirmed it on February 1, 2018.  The Delameters filed their Original Complaint on April 2, 2018, the 60th day after the appellate decision.[6]  BISD, on the other hand, argues that § 16.064 does not apply because the Delameters did not originally file their lawsuit in the wrong court and this court is not "a court of proper jurisdiction."  Therefore, BISD maintains that the statute of limitations expired on December 8, 2016, nearly 16 months before the Delameters filed their federal lawsuit.  BISD relies primarily on *Agenbroad v. McEntire*, 595 F. App'x 383 (5th Cir. 2014) and *Turner v. Tex. Dep't of Mental Health & Mental Retardation*, 920 S.W.2d 415 (Tex. App.—Austin 1996, writ denied) in support of its argument that § 16.064 does not apply.

In *Agenbroad*, the investors in an alleged oil and gas Ponzi scheme formed an association to bring claims on their behalf against the defendants.  595 F. App'x at 384.  The defendants filed a plea to the jurisdiction, challenging the association's standing on the individual investors' behalf.

---

[6] The pleadings state:  "Separate and apart from the State Court proceedings, the Delameter Plaintiffs filed this cause in this Federal Court on April 2, 2018.  Shortly thereafter, Plaintiffs decided to appeal the Texas Court of Appeals decision to the Texas Supreme Court."  (#36, at 3 ¶ 3; #24, at 2 ¶ 7).  State court records, however, show that the petition for review was filed on March 16, 2018.  It appears that the Delameters knew the state court's dismissal was not final when the Delameters filed the federal complaint two weeks later.  In the absence of authority establishing a bright line rule, courts have liberally construed when "the dismissal or other disposition becomes final" and, therefore, when the 60-day tolling period accrues under § 16.064(a)(2).  *See Reagan Nat'l Advert. of Austin, Inc. v. City of Austin*, 498 S.W.3d 236, 241-42 (Tex. App.—Austin, 2016, pet. denied); *Oscar Renda Contracting, Inc. v. H & S Supply Co.*, 195 S.W.3d 772, 776 (Tex. App.—Waco 2006, pet. denied); *Winston*, 930 S.W.2d at 954-55; *Vale*, 809 S.W.2d at 327.  The court assumes *arguendo* that the state court's disposition was final for purposes of § 16.064.

*Id.* at 384-85.  The state trial court ultimately granted the plea, and the state court of appeals affirmed.  *Id.* at 385.  Meanwhile, before the judgment in the state trial court became final, the individual investors filed the same claims in federal court.  *Id.*  The defendants moved for summary judgment in the federal action on the grounds that the claims were time-barred and, despite the investors' assertions that the statute of limitations was tolled, the federal trial court granted summary judgment.  *Id.*

The Fifth Circuit, after reviewing decisions of several intermediate Texas courts interpreting § 16.064, affirmed.  *Id.* at 387-89.  The Fifth Circuit stated that "the plain language of the statute refers to actions dismissed due to a limitation of the jurisdiction of the first court, not situations where the action was dismissed for lack of standing to sue."  *Id.* at 387-88.  The court indicated that § 16.064 did not apply where a case is refiled in the same court after dismissal or where plaintiffs could have amended the pleadings to come within the court's jurisdiction.  *Id.* at 388 (citing *Clary Corp. v. Smith*, 949 S.W.2d 452, 460-61 (Tex. App.—Fort Worth 1997, pet. denied)).  The court further suggested that § 16.064 does not apply where jurisdiction would not be proper in any court.  *Id.* at 388-89 (citing *Turner*, 920 S.W.2d at 417).  As the court explained, "The problem with Investors' first lawsuit was therefore not the jurisdiction of the Texas courts; rather, it was lack of standing of the plaintiff-association."  *Id.* at 389.

In *Turner*, the plaintiff was taken into custody due to an officer's belief that he was mentally ill and posed a risk of serious harm to himself or others.  920 S.W.2d at 416-17.  After his release, the plaintiff sued various state actors in federal court for violations of 42 U.S.C. §§ 1981 and 1983.  *Id.* at 417.  The federal court dismissed his lawsuit and, shortly thereafter, the plaintiff filed an action in state court asserting various state law claims based on the same incident.

*Id.* In the subsequent state court action, the defendants asserted in their motion for summary judgment that the plaintiff's claims were time-barred, and the state trial court dismissed his claims without specifying the grounds. *Id.* at 417-18. On appeal, the state court of appeals noted that the Eleventh Amendment imposed a jurisdictional bar to federal courts hearing suits against the state and its agencies; thus, the plaintiff could not have maintained his §§ 1981 or 1983 claims because the state and its agencies are not "persons" within the meaning of § 1983. *Id.* at 418 (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1983)).

In determining whether the statute of limitations was tolled, the state court of appeals examined whether the plaintiff's federal lawsuit and state lawsuit were "the same action" under § 16.064 in light of the statute's purpose of protecting litigants who mistakenly file suit in the wrong court. *Id.* at 418-19 (citing *Burford v. Sun Oil Co.*, 186 S.W.2d 306, 311 (Tex. Civ. App.—Austin 1945, writ ref'd n.r.e.)). The court ultimately concluded that the plaintiff's state and federal causes of action were not "the same action," reasoning that the plaintiff did not file the prior action in the wrong court:

> Turner cannot be considered to have mistakenly filed his action in the wrong court. Turner could not have maintained his § 1981 and § 1983 causes of action in either state or federal court. Rather than mistakenly filing his action in the wrong court, Turner simply filed the wrong cause of action, regardless of where it was filed. This mistake is beyond the scope and purpose of the tolling provision at issue.

*Id.* at 419.

The Delameters' attempts to distinguish *Agenbroad* and *Turner* fall short. They emphasize that their state court lawsuit did not involve a lack of standing such that jurisdiction would not have been proper in any court, as in *Agenbroad*; nor did it involve claims dismissed in federal

court that could not have been brought later in state court due to defendants' immunity from suit, as in *Turner*. The court, however, finds both cases instructive. Instead of asserting their federal law claims when they originally filed their state court action, amending their state court petition to assert their federal law claims during the pendency of their state court action, or filing an action in federal court before the limitations period elapsed on December 8, 2016, the Delameters pursued only state law tort claims in state court. Like the plaintiff in *Turner*, the Delameters asserted causes of action in their initial lawsuit that were barred by immunity. Thus, they filed the wrong causes of action, rather than filing in the wrong court. Like the plaintiffs in *Agenbroad*, the Delameters made a strategic decision to bring only state law claims, and their chosen strategy carried a risk of dismissal for lack of jurisdiction due to the limited waiver of a school district's immunity from suit under Texas law. The claims would have met the same fate in federal court, as BISD would have been immune from liability under Texas law. Section 16.064 was not intended to provide opportunities for plaintiffs to relitigate such actions—regardless of whether they are based on the same underlying events—in a different court after the limitations period has elapsed.

The Delameters also point out that BISD cited cases decided on summary judgment or some later stage after the parties had access to discovery. This distinction is unavailing, as they fail to explain how discovery might establish the applicability of § 16.064. In addition, the Delameters make the baffling assertion that "it is uncontroverted that [their state court claims][7] would be correct in state court, just that the state court did not have jurisdiction for the underlying claims"

---

[7] The Delameters refer to Chapter 74 of the Texas Civil Practice & Remedies Code, which applies to medical liability; however, the court assumes they meant their state court claims.

(#30, at 15 ¶ 38), citing *Mena v. Lenz*, 349 S.W.3d 650 (Tex. App.—Corpus Christi 2011, no pet.). With respect to § 16.064, the *Mena* court held that § 16.064 does not toll the limitations period in medical liability cases because § 74.251, the specific statute of limitations, applies "[n]otwithstanding any other law," and § 74.002(a) states that "in the event of a conflict between [chapter 74] and another law, including a rule of procedure or evidence or court rule, [chapter 74] controls to the extent of the conflict." 349 S.W.3d at 654-55 (quoting *Molinet v. Kimbrell*, 356 S.W.3d 407, 413 (Tex. 2011)). Their reliance on *Mena* is misplaced.

In summary, the Delameters' state court claims, which were barred by governmental immunity, would not have been proper in any court. It cannot be said that "the same action" was "commenced in a court of proper jurisdiction." TEX. CIV. PRAC. & REM. CODE § 16.064(a)(2). Accordingly, § 16.064 does not toll the limitations period for the Delameters' claims in the instant lawsuit.

> 2.    Relation Back

Next, the Delameters aver that their federal court claims relate back pursuant to Federal Rule of Civil Procedure 15(c)(1). Under Rule 15,

> An amendment to a pleading relates back to the date of the original pleading when:
>
> (A)    the law that provides the applicable statute of limitations allows relation back;
>
> (B)    the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading . . . .

FED. R. CIV. P. 15(c)(1). Here, §§ 16.064 and 16.068 do not apply to extend the limitations period or to allow the Delameters' Original Complaint to relate back to the timely-filed state court

petition.  Therefore, the Delameters' claims in the Third Amended Complaint do not relate back to a timely-filed pleading.

D.   Res Judicata

The court also finds that the Delameters' claims are barred by res judicata.  "Res judicata, also known as claim preclusion, prevents the relitigation of a claim or cause of action that was adjudicated and resolved by a final judgment, as well as all related matters that with the use of diligence could or should have been litigated in the prior suit." *Hill v. TX-AN Anesthesia Mgmt., LLP*, 443 S.W.3d 416, 424 (Tex. App.—Dallas 2014, no pet.)) (citing *Citizens Ins. Co. of Am. v. Daccach*, 217 S.W.3d 430, 449 (Tex. 2007)); *McNeil Interests, Inc. v. Quisenberry*, 407 S.W.3d 381, 387 (Tex. App.—Houston [14th Dist.] July 9, 2013, no pet).  Although res judicata is typically an affirmative defense that must be pleaded pursuant to Federal Rule of Civil Procedure 8(c), a district court may, under certain circumstances, dismiss a case on the basis of res judicata in the interest of judicial economy.  *See Herrera v. Wyoming*, ___ U.S. ___, 139 S. Ct. 1686, 1701 n.5 (2019) (citing *Arizona v. California*, 530 U.S. 392, 412 (2000)); *Mowbray v. Cameron Cty.*, 274 F.3d 269, 281 (5th Cir. 2001), *cert. denied*, 535 U.S. 1055 (2002); *Boone v. Kurtz*, 617 F.2d 435, 436 (5th Cir. 1980).  "A federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." *Sims v. City of Madisonville*, 894 F.3d 632, 644 (5th Cir. 2018) (quoting *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984)); *see Harmon v. Dallas Cty.*, 927 F.3d 884, 890 (5th Cir. 2019); *Portillo v. Cunningham*, 872 F.3d 728, 735 (5th Cir. 2017).  Res judicata requires:  "(1) a prior final judgment on the merits by a court of competent jurisdiction; (2) identity of parties or those in privity with them; and (3) a second action

based on the same claims as were raised or could have been raised in the first action." *Harmon*, 927 F.3d at 890 (quoting *Amstadt v. U.S. Brass Corp.*, 919 S.W.2d 644, 652 (Tex. 1996)); *accord Sims*, 894 F.3d at 644; *Portillo*, 872 F.3d at 735.

As to the first element, under Texas law, a grant of a plea to the jurisdiction based on governmental immunity is a dismissal on the merits for purposes of res judicata. *Harmon*, 927 F.3d at 890; *Sims*, 894 F.3d at 644; *Klein v. Walker*, 708 F. App'x 158, 160 (5th Cir. 2017) (citing *Flores v. Edinburg Consol. Indep. Sch. Dist.*, 741 F.2d 773, 775 n.3 (5th Cir. 1984)); *see Engelman Irrigation Dist. v. Shields Bros., Inc.*, 514 S.W.3d 746, 752-53 (Tex. 2017) (opining on finality of dismissals due to sovereign immunity). Furthermore, "Texas law affords final judgments res judicata effect even during the pendency of an appeal." *Amedisys, Inc. v. Kingwood Home Health Care, LLC*, 437 S.W.3d 507, 516 n.7 (Tex. 2014). The second element is met because the same parties—the Delameters and BISD—are involved in the prior state court action and this action. With respect to the third element, Texas follows the transactional approach: "a judgment in an earlier suit 'precludes a second action by the parties and their privies not only on matters actually litigated, but also on causes of action or defenses which arise out of the same subject matter and which might have been litigated in the first suit.'" *Harmon*, 927 F.3d at 890 (quoting *Getty Oil Co. v. Ins. Co. of N. Am.*, 845 S.W.2d 794, 798 (Tex. 1992)); *Sims*, 894 F.3d at 644-45 (citing *Weaver v. Tex. Capital Bank*, 660 F.3d 900, 907 (5th Cir. 2011)). Here, the Delameters assert—in their attempt to invoke § 16.064 to toll the statute of limitations—that their federal lawsuit is based on the same underlying subject matter as their prior state court lawsuit and that any additional claims could have been asserted in their original lawsuit. Accordingly, it is

apparent that the elements for res judicata have been met, and the Delameters' claims against BISD are also barred by the principles of res judicata.

Having concluded that the Delameters' claims are barred by the statute of limitations and res judicata, the court declines to examine whether they plead viable claims against BISD pursuant to § 1983, the Rehabilitation Act, the ADA, and Chapter 71 of the Texas Civil Practice and Remedies Code regarding wrongful death and survival actions.

E.    Civil Conspiracy

The Third Amended Complaint (#36, at 22-23) includes an entirely new civil conspiracy claim asserted by the Delameters, the Estate of M.L., the Estate of T.J., and C.C (collectively, "Plaintiffs") against BISD, Spring ISD, Aldine ISD, and Pflugerville ISD (collectively, "Defendants"). Plaintiffs allege that Defendants conspired "to inhibit each student from receiving necessary [EMS]." The Delameters do not specify the legal basis for their conspiracy claim.

Under Texas law, "civil conspiracy is a theory of vicarious liability, [thus] a lawsuit alleging a civil conspiracy that committed some intentional tort is still a 'suit for' the tort." *Agar Corp. Inc., v. Electro Circuits Int'l, LLC*, 580 S.W.3d 136, 142 (Tex. 2019). Consequently, "a civil conspiracy claim is derivative of [the] underlying tort," and "the claim accrues when the underlying tort accrues." *Id.* at 145. The death of I.C.D., which occurred on December 8, 2014, is the only injury allegedly suffered by the Delameters. As previously discussed, the Delameters' claims are all subject to a two-year statute of limitations, which accrued on December 8, 2014, and, absent tolling, expired on December 8, 2016. Thus, to the extent that the Delameters assert a civil conspiracy claim that is derivative of § 1983, the Rehabilitation Act, the ADA, or Chapter 71 of the Texas Civil Practice and Remedies Code, such a claim is barred by the two-year statute

of limitations. To the extent that they assert a civil conspiracy claim based on a tort under Texas law, such a claim is also barred by governmental immunity. *See* TEX. CIV. PRAC. & REM. CODE §§ 71.001(1)-(2) (excluding independent school districts from definition of "person" in subchapter establishing cause of action for wrongful death), 101.051 (limiting school districts' tort liability to property damage, personal injury, or death arising from the operation or use of a motor-driven vehicle or motor-driven equipment), 101.057 (excluding governmental tort liability arising out of assault, battery, false imprisonment, or any other intentional tort). Under federal law, a person injured as the result of a conspiracy to interfere with his or her civil rights may bring an action under 42 U.S.C. § 1985. Like § 1983, a cause of action under § 1985 is subject to a two-year statute of limitations. *See Beckwith v. City of Houston*, 790 F. App'x 568, 575 (5th Cir. 2019) (citing *Balawajder v. Carpenter*, 992 F.2d 324 (5th Cir. 1993); *Helton v. Clements*, 832 F.2d 332, 334 (5th Cir. 1987)), *cert. denied*, No. 19-907, 2020 WL 872100 (U.S. Feb. 24, 2020); *see also* 42 U.S.C. § 1988. Accordingly, regardless of whether the Delameters' civil conspiracy claim stems from state or federal law, their claim is barred by the two-year statute of limitations.

Moreover, the purported conspiracy is based on Defendants' failure to call EMS when a student experiences a medical emergency. Plaintiffs speculate that Defendants refused to call EMS because they want to avoid (1) responsibility for the payment of an ambulance and EMS's coming to campus; (2) alarming other students and their families when it became known that an ambulance was on campus; and (3) reporting such an incident to the Texas Education Agency and affecting their school district's scores negatively. The alleged basis of the conspiracy is inconsistent with the facts of the Delameters' case, where BISD called EMS on behalf of I.C.D. for an incident that occurred off campus. Indeed, the Delameters argue that instead of requiring Finnell to first

contact the transportation base and wait for EMS to arrive, BISD policy should have allowed Finnell to call EMS directly or proceed to a nearby hospital. Their allegations conflict with Plaintiffs' collective allegations. Thus, their civil conspiracy claim should also be dismissed as implausible and for lack of standing.

F.    Opportunity to Amend

Generally, a court should not dismiss an action for failure to state a claim under Rule 12(b)(6) without giving the plaintiff an opportunity to amend. *Hart v. Bayer Corp.*, 199 F.3d 239, 248 n.6 (5th Cir. 2000) (plaintiff's failure to meet the specific pleading requirements should not automatically or inflexibly result in dismissal of the complaint with prejudice to refiling); *accord Young v. U.S. Postal Serv. ex rel. Donahoe*, 620 F. App'x 241, 245 (5th Cir. 2015); *Goldstein v. MCI WorldCom*, 340 F.3d 238, 254 (5th Cir. 2003); *O'Neal v. Cargill, Inc.*, 178 F. Supp. 3d 408, 413 (E.D. La. 2016) (quoting *Hernandez v. Ikon Office Sols., Inc.*, 306 F. App'x 180, 182 (5th Cir. 2009)).

> Under Rule 12(b)(6), a plaintiff with an arguable claim is ordinarily accorded notice of a pending motion to dismiss for failure to state a claim and an opportunity to amend the complaint before the motion is ruled upon. These procedures alert him to the legal theory underlying the defendant's challenge, and enable him meaningfully to respond by opposing the motion to dismiss on legal grounds or by clarifying his factual allegations so as to conform with the requirements of a valid legal cause of action.

*Neitzke*, 490 U.S. at 329-30.

Where a claim is frivolous or the "complaint alleges the plaintiff's best case," however, the plaintiff need not be allowed an opportunity to amend. *Whiddon v. Chase Home Fin., LLC*, 666 F. Supp. 2d 681, 692 (E.D. Tex. 2009) (citing *Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999)); *see Neitzke*, 490 U.S. at 327-28; *Hart*, 199 F.3d at 248 n.6; *A.W. v. Humble Indep.*

*Sch. Dist.*, 23 F. Supp. 3d 973, 1008 (S.D. Tex. 2014), *aff'd sub nom. King-White v. Humble Indep. Sch. Dist.*, 803 F.3d 754 (5th Cir. 2015).  Here, the Delameters have already amended their complaint twice, but their claims are barred by the statute of limitations, res judicata, and/or governmental immunity.  Nothing in the record suggests that an amendment would allow the Delameters to overcome these impediments.  Thus, dismissal of the Delameters' claims against BISD is warranted.

III.  Conclusion

Based on the foregoing analysis, BISD's Motion to Dismiss (#26) is GRANTED, and the Delameters' claims against BISD are dismissed with prejudice.

SIGNED at Beaumont, Texas, this 2nd day of March, 2020.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE